UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ILLINOIS TOOL WORKS INC.**, <br><br>　　　　Plaintiff, <br><br>　v. <br><br><br><br>**JOHN DOES 1-10**, <br><br>　　　　Defendants. | Case No.: <br><br><br>**COMPLAINT FOR BREACH OF CONTRACT** <br><br>**JURY DEMAND ENDORSED HEREON** |

　　　　Plaintiff ITW Evercoat, a division of Illinois Tool Works Inc., a Delaware corporation ("Plaintiff" or "ITW Evercoat"), brings this action against unknown John Doe Defendants ("Defendants") for breach of contract. Defendants are authorized distributors of ITW Evercoat products ("Distributors") that have contractually agreed not to supply ITW Evercoat products to unauthorized resellers, but nevertheless continue to do so. In support of its claims, Plaintiff alleges as follows.

## PARTIES, JURISDICTION, AND VENUE

　　　　1.　　Plaintiff Illinois Tool Works Inc. is a Delaware corporation with one of its principal places of business in Cincinnati, Ohio.

　　　　2.　　Defendants are distributors of ITW Evercoat products that have supplied ITW Evercoat products to unauthorized resellers in violation of their contracts with Plaintiff. These distributors are located around the United States and Plaintiff has no indication that Defendants are citizens of Ohio. Plaintiff has specifically investigated each of its distributors headquartered in Ohio, and found no evidence that they are violating their contractual obligations to ITW Evercoat and would, therefore, not be within the scope of potential John Doe Defendants. Accordingly, Defendants are likely to be citizens of states other than Ohio.

　　　　3.　　Plaintiff alleges breach of contract claims against Defendants for breaching

1

contracts that Defendants have entered into with Plaintiff.

4. Plaintiff has attempted to identify Defendants through an internal investigation with its sales team. However, despite its best efforts, Plaintiff has been unable to determine Defendants' true identities on its own and, therefore, names them as John Doe Defendants.

5. This Court has subject matter jurisdiction over Plaintiff's breach of contract claims pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a), because Plaintiff is a citizen of Ohio; Defendants are likely citizens of other states; and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over Defendants because they breached a contract with an Ohio citizen, Plaintiff.

## FACTUAL ALLEGATIONS

7. Among other things, ITW Evercoat is a manufacturer of a broad and high-quality range of automotive fillers, putties, polyester primers, and fiberglass resins marketed under the Evercoat™ brand and designed to assist body repair professionals with all manners of automotive repairs.

8. Plaintiff engages in significant brand protection efforts.

9. As part of its brand protection efforts, Plaintiff operates an exclusive distribution system, under which its products may be sold only through authorized sellers who must follow Plaintiff's requirements regarding branding, product quality control, customer service, and more.

10. Under Plaintiff's exclusive distribution system, Plaintiff distributes its products through its distributors approved by Plaintiff.

11. As a condition of being allowed to distribute ITW Evercoat products, all of Plaintiff's Distributors accept and agree to abide by the Authorized Distributor terms with Plaintiff.

12. Under the Authorized Distributor terms, Distributors agree not to sell ITW Evercoat products to unauthorized resellers.

13. In particular, Authorized Distributor terms contain requirements that the Distributor shall not sell ITW Evercoat products to any reseller that has had its Authorized Distributor status revoked by Plaintiff or is on Plaintiff's Restricted Accounts List.

2

14. Furthermore, Section 3(c) of the Authorized Distributor terms prohibits Distributors from selling ITW Evercoat products on or through any online marketplace, including, but not limited to, Amazon, Walmart.com, or eBay.

15. By ensuring that all Distributors have agreed not to resell ITW Evercoat products to unauthorized resellers, Plaintiff maintains its system of exclusive distribution and ensures that ITW Evercoat products are sold to customers only by authorized sellers who meet Plaintiff's requirements.

16. The Authorized Distributor terms are an essential part of Plaintiff's brand protection efforts because they allow Plaintiff to maintain its exclusive distribution and prevent its products from being sold by unauthorized resellers.

17. Unauthorized resellers have no contract with Plaintiff, are not contractually required to follow the same standards as authorized sellers, and thus could ship poor-quality products to consumers and cause consumers to associate the Evercoat brand with lower-quality sellers.

18. Therefore, the restrictions on resale in the Authorized Distributor terms are material terms of that agreement, and part of the bargained-for consideration that Plaintiff receives from Distributors in exchange for selling them ITW Evercoat products and allowing them to resell those products and use Plaintiff's intellectual property in an approved manner.

19. Defendants are Distributors who have accepted the Authorized Distributor terms and agreed that they are prohibited from selling ITW Evercoat products to unauthorized resellers.

20. Defendants' agreement not to sell ITW Evercoat products to unauthorized resellers is a material, bargained-for consideration that Defendants agreed to provide Plaintiff in exchange for Plaintiff selling ITW Evercoat products to Defendants, and allowing Defendants to resell ITW Evercoat products and use Plaintiff's intellectual property and exploits its good will.

21. Despite agreeing not to sell ITW Evercoat products to unauthorized resellers, such as Amazon.com, Inc. ("Amazon"), Defendants have resold and continue to resell ITW Evercoat products to various unauthorized resellers, including, but not limited to, Amazon, which then offer

the ITW Evercoat products for sale on their websites.

22. Plaintiff has not authorized its products to be sold to Amazon and other third-party resellers for resale in this manner.

23. Defendants who are supplying ITW Evercoat products to Amazon and other third-party resellers for resale are breaching their Authorized Distributor terms with Plaintiff.

24. Plaintiff has attempted to identify Defendants that supplied ITW Evercoat products to Amazon and other third-party resellers through reviewing sales records and corresponding with its Distributors. However, despite its best efforts, Plaintiff has been unable to identify Defendants that are supplying ITW Evercoat products to Amazon and other third-party resellers.

25. Plaintiff specifically investigated each of its Distributors with headquarters in Ohio, and found no evidence that any of them are Defendants.

26. The identities of Defendants that are supplying ITW Evercoat products to Amazon and other third-party resellers in violation of their Authorized Distributor terms with Plaintiff can, therefore, be identified only through discovery in this case, including third-party discovery to Amazon and other third-party resellers to obtain its sourcing records.

27. Plaintiff has no alternative means, aside from discovery in this lawsuit, to learn the identities of Defendants.

28. Discovery in this lawsuit will allow Plaintiff to identify each Defendant's true name and address, and Plaintiff will amend this Complaint accordingly when those true names and addresses are discovered.

## CAUSE OF ACTION

### Breach of Contract

29. Plaintiff incorporates the allegations contained in the foregoing paragraphs 1-28 of this Complaint as if fully set forth herein.

30. Plaintiff and Defendants are parties to the Authorized Distributor terms, a valid contract under which Defendants agreed to, among other things, not sell ITW Evercoat products to unauthorized resellers, in exchange for Plaintiff's agreement to sell ITW Evercoat products to

Defendants and allow them to distribute ITW Evercoat products.

31. Plaintiff performed all of its responsibilities under the Authorized Distributor terms.

32. Defendants breached the Authorized Distributor terms by selling ITW Evercoat products to unauthorized resellers.

33. Plaintiff suffered damages as a result of Defendants' breach of contract, including damage to its exclusive distribution system, brand, and business.

34. Plaintiff is entitled to discovery as to the specific identities of the Defendants who have sold and continue to sell ITW Evercoat products to unauthorized resellers, and will amend this Complaint accordingly once those Defendants' identities have been discovered.

35. Plaintiff is entitled to damages against Defendants because Defendants' actions have damaged and continue to damage Plaintiff, including its exclusive distribution system, brand, and business.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

A. Discovery into the specific identities of the John Doe Defendants, including subpoenas issued to relevant third parties;

B. Judgment in favor of Plaintiff and against Defendants in an amount to be determined at trial, including, but not limited to, compensatory damages, restitution, disgorgement of profits, and pre- and post- judgment interest, as permitted by law in excess of $75,000;

C. An award of attorneys' fees, costs, and expenses; and

D. Such other and further relief as the Court deems just and proper.

DATED:  March 21, 2023            Respectfully submitted,

*/s/ Martha Brewer Motley*
Martha Brewer Motley (0083788)
Vorys, Sater, Seymour and Pease LLP
52 E. Gay Street
Columbus, OH  43215
T:  614-464-5626
F:  614-719-5058
mbmotley@vorys.com

*Attorneys for Plaintiff*
*Illinois Tool Works Inc.*

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Illinois Tool Works Inc. demands a trial by jury on all issues so triable.

DATED:  March 21, 2023            Respectfully submitted,

*/s/ Martha Brewer Motley*
Martha Brewer Motley (0083788)
Vorys, Sater, Seymour and Pease LLP
52 E. Gay Street
Columbus, OH  43215
T:  614-464-5626
F:  614-719-5058
mbmotley@vorys.com

*Attorneys for Plaintiff*
*Illinois Tool Works Inc.*